IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2018

## VICTOR EUGENE MCCONNELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 5339       Steve R. Dozier, Judge**

_____

### No. M2018-00883-CCA-R3-HC

_____

The pro se petitioner, Victor Eugene McConnell, appeals the denial of his petition for writ of habeas corpus by the Davidson County Criminal Court, arguing the trial court erred in summarily dismissing the petition. The petitioner asserts the State breached the plea agreement in this case, entitling the petitioner to habeas corpus relief. After our review, we affirm the summary dismissal of the petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Victor Eugene McConnell, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 1983, the petitioner pled guilty to aggravated rape, burglary, first degree murder, and assault with intent to commit first degree murder. The trial court imposed a sentence of twenty years, fifteen years, life imprisonment, and life imprisonment, respectively. The judgment forms for the murder and assault convictions indicated a 40% release eligibility. In addition, the signed plea petition noted an offender classification of Range II, aggravated offender for these counts. However, during the plea hearing, the

petitioner indicated he understood release eligibility percentages would not apply to the two life sentences. *Victor E. McConnell v. Harold Carolton, Warden*, No. E2008-00986-CCA-R3-HC, 2009 WL 1392544, at *4 (Tenn. Crim. App. May 19, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009).[1] This Court, in reviewing the petitioner's second petition for writ of habeas corpus, compared the notations on the judgment forms and plea petition with the transcript of the plea hearing, ultimately classifying the notations as clerical errors. *Id.*

On February 9, 2018, the petitioner filed his fourth pro se petition for writ of habeas corpus, alleging the State breached the plea agreement by failing to apply the 40% release eligibility to his murder and assault convictions. After its review, the trial court summarily dismissed the petition. This timely appeal followed.

Habeas corpus relief is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, rather than a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." *Summers*, 212 S.W.3d at 260 (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. *Id.* at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). As such, this Court reviews the habeas court's findings *de novo* with no presumption of correctness. *Id.*

The petitioner asserts the State has breached the plea agreement by failing to apply the release eligibility percentages listed on his judgment form and plea petition. This Court has previously held such a claim is not an appropriate basis for habeas corpus relief. *See Adrian Delk v. Grady Perry, Warden*, No. W2016-01394-CCA-R3-HC, 2017

---

[1] The petitioner has filed numerous petitions for habeas corpus relief. *Victor E. McConnell v. Jim Morrow, Warden*, No. E2010-02341-CCA-R3-HC, 2011 WL 1361569 (Tenn. Crim. App. Apr. 11, 2011), *perm. app. denied* (Tenn. Aug. 24, 2011); *Victor E. McConnell*, 2009 WL 1392544; *State ex rel Victor E. McConnell v. Howard Carlton, Warden*, No. E2006-00967-CCA-R3-HC, 2007 WL 2917729 (Tenn. Crim. App. Oct. 5, 2007), *no perm. app. filed*. However, only the petitioner's second petition concerns the same issue as his current petition.

WL 5952935, at *3 (Tenn. Crim. App. Nov. 30, 2017), *no perm. app. filed*. This issue is without merit and, accordingly, the petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE